J-S21001-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :         PENNSYLVANIA
                               :
            v.                 :
                               :
                               :
                               :
BRYANT HUDGINS                 :
                               :
         Appellant             :  No. 2197 EDA 2023

Appeal from the PCRA Order Entered July 18, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0908541-1999

BEFORE:  LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:           **FILED DECEMBER 05, 2024**

Bryant Hudgins appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Hudgins contends the court erred by dismissing his petition without an evidentiary hearing on his claim of newly-discovered evidence. Upon review, we vacate the court's order and remand for an evidentiary hearing consistent with this decision.

On September 28, 2000, following a jury trial, Hudgins was convicted of first-degree murder and related offenses.  The following day Hudgins was sentenced to a mandatory sentence of life imprisonment for the murder.[1]

_____

[1] The jury was death-qualified and rendered a unanimous decision to sentence Hudgins to life imprisonment.  **See** N.T. Jury Trial, 9/29/00, at 6-7.  On
*(Footnote Continued Next Page)*

Hudgins appealed, and this Court affirmed his judgment of sentence on April 16, 2002, and our Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Hudgins*, 738 EDA 2001 (Pa. Super. filed Apr. 16, 2002) (unpublished memorandum decision), *appeal denied*, 809 A.2d 902 (Pa. 2002) (Table). Thereafter, Hudgins filed several unsuccessful PCRA petitions in 2003, 2007, 2013, 2016, and 2017. *See id.*, 217 A.3d 371, at *2-5 (Pa. Super. 2019) (Table) (detailing Hudgins' PCRA procedural history).

On November 18, 2019, Hudgins, *pro se*, filed the instant PCRA petition, contending that he recently received an affidavit from Jamil Gateward, the main prosecution witness at Hudgins' trial, stating that Gateward and "the Commonwealth had an agreement that if [Gateward] gave favorable testimony against [] Hudgins[, the Commonwealth] would give [Gateward] a deal in his [] open case," and that this information was concealed from Hudgins. PCRA Petition, 11/18/19, at 3. In addition, Hudgins stated that Gateward would testify that he was smoking phencyclidine (PCP) on the date of the shooting underlying Hudgins' conviction. *Id.* at 6. Hudgins argued that the affidavit's contents constituted both newly-discovered facts and evidence of governmental interference. *Id.* at 8. The PCRA court subsequently denied Hudgins' petition, concluding that his petition was untimely and that he failed to plead and prove one of the exceptions to the PCRA time bar. *See* Order,

_____

November 22, 2000, the court imposed a sentence of life imprisonment without parole, followed by an aggregate term of seven to fourteen years' imprisonment on his remaining convictions.

- 2 -

7/18/23; **see also** Rule 907 Order, 3/30/22. Hudgins filed his notice of appeal on August 18, 2023, thirty-one days after the PCRA court entered its order denying Hudgins' petition.

Prior to addressing the merits of Hudgins' claims, we must first address the timeliness of his notice of appeal, as it affects this Court's jurisdiction.[2] **See Commonwealth v. Pena**, 31 A.3d 704, 706 (Pa. Super. 2011). To be timely, a notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken. **See** Pa.R.A.P. 903(a). This Court is without authority to extend the thirty-day period unless there is fraud or a breakdown in the processes of the court. **See** Pa.R.A.P. 105(b); **see also Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019). The PCRA court denied Hudgins' petition on July 18, 2023, therefore, Hudgins was required to file his appeal by August 17, 2023.

"[I]t has long been the law of this Commonwealth that the failure to file a timely appeal as a result of a breakdown in the court system is an exception

---

[2] On October 24, 2023, we issued a rule to show cause directing Hudgins to file a response as to why his appeal should not be quashed as untimely. **See** Order, 10/24/23. Hudgins responded that, under the prisoner mailbox rule, we should accept his certificate of service, which is dated August 15, 2023, and would make the appeal timely. **See** Response to Rule to Show Cause, 11/6/23, at 1 (unpaginated). Further, Hudgins states that, "[g]iven the inherent delays association with mail delivery, it is obvious that, having been docketed on a Monday, the appeal was submitted to the prison authority for mailing by Friday, August 15, 2023[,] at the latest." **Id.** at 2. Hudgins appears to be looking at the wrong calendar, as August 15, 2023, was a Tuesday, and August 18, 2023, the date the notice of appeal was docketed, was a Friday. Nevertheless, we consider whether Hudgins filed a timely notice of appeal.

to" Rule 903(a).  **Stansbury**, 219 A.3d at 160.  We have found a breakdown in court processes where, *inter alia*, the court fails to advise a petitioner of his appellate rights.  **See id**; **see also Commonwealth v. McGurl**, 303 A.3d 785, at *9 n.4 (Pa. Super. 2023) (Table) (PCRA court's failure to advise appellant of appellate rights in dismissal order constituted breakdown in court system).[3]  Under **Stansbury**, a misstatement of the law or incorrect instruction concerning the right to appeal in collateral matters under the PCRA may "amount to a breakdown in court operations such that we may overlook the defective nature of Appellant's timely notice of appeal rather than quash [the appeal]."  219 A.3d at 160.

In the instant case, because Hudgins' petition was denied without a hearing, the PCRA court is required to "**advise the defendant by certified mail**, return receipt requested, **of the right to appeal** from the final order disposing of the petition and of the time limits within which the appeal must be filed."  Pa.R.Crim.P. 907(4) (emphasis added).  "[F]ailure to comply with Rule 907(4) is [a patent] breakdown in the PCRA court's operations."  **Commonwealth v. Bent**, 304 A.3d 738, at *11 (Pa. Super. 2023) (Table) (quotation marks and citation omitted); **see Commonwealth v. Burgos**, 262 A.3d 553, at *7-9 (Pa. Super. 2021) (Table) (applying **Stansbury**, **supra**, to PCRA proceedings); **Commonwealth v. Patterson**, 940 A.2d 493, 498-99 (Pa. Super. 2007) (compiling cases in which "a court breakdown occurred in

_____

[3] Unpublished non-precedential decisions of Superior Court filed after May 1, 2019, may be cited for persuasive value.  **See** Pa.R.A.P. 126(b).

- 4 -

instances where the trial court . . . either failed to advise [a]ppellant of [] post-sentence and appellate rights or misadvised him").

Here, the PCRA court did not include any language regarding Hudgins' right to appeal in its July 18, 2023 order, and we are not aware of whether the order was sent to Hudgins by certified mail. Consequently, these errors constitute a breakdown in court operations, and we may overlook the defective nature of Hudgins' notice of appeal. **See Stansbury**, **supra**; **Patterson**, **supra**; **Burgos**, **supra**; **Bent**, **supra**. Therefore, we consider Hudgins' appeal to be timely filed.

Hudgins, *pro se*, raises the following issues for our review:

1. Did the PCRA court err in dismissing Hudgins' claim because of a purported failure to show that the facts are new, despite [identifying] that [Hudgins] first learned of Gateward's willingness to come forward on September 15, 2018, two days before Gateward actually executed the affidavit[]?

2. Did the PCRA court [] err[] and [abuse] its discretion when it dismissed Hudgins' claim of governmental interference as untimely because of a purported failure to show that the claim was not previously litigated?

3. Did the PCRA court [] err[] by failing to hold an[] evidentiary hearing of the governmental interference and newly[-]discovered facts (i.e.[,] affidavit from key[ ]witness [] Gateward)[,] which would establish Hudgins' innocence, and that the evidence is indeed new[,] and Hudgins exercised due diligence [in] discovering the new evidence?

4. Did [the] PCRA court [] err[] and abuse its discretion when it failed to address[] Hudgins' response to its [Rule] 907 notice of intent to dismiss, violating Hudgins' due process and equal protection rights?

Appellant's Brief, at 4 (reworded for ease of disposition).

- 5 -

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. **See Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.**

Prior to addressing the merits of Hudgins' appeal, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within a year of the date judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." **Id.** at 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Hudgins' judgment of sentence became final, for purposes of the PCRA, on January 14, 2003, ninety days after our Supreme Court denied his petition for allowance of appeal. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Hudgins had one year from that date, or until January 14, 2004, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Consequently, Hudgins' instant PCRA petition, filed on November 18, 2019, is patently untimely.

- 6 -

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).[4] "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

If September 17, 2018, the date of Gateward's statement, was the earliest Hudgins could have presented this claim, Hudgins had one year from that date to file a PCRA petition raising his claim, or, until September 17, 2019. *See* 42 Pa.C.S.A. § 9545(b)(2). Hudgins filed the instant PCRA petition

---

[4] We observe that section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3. Here, Hudgins states his claim arose after December 24, 2017, thus, the 2018 amendment would apply.

on November 18, 2019, which is more than one-year from the date he could have raised the claim. *See* 42 Pa.C.S.A. §§ 9545(b)(1)-(2). However, when a prior PCRA petition is pending on appeal, the time limits set forth in subsection 9545(b)(2) are measured "from the date of the order that finally resolves the appeal in the prior petition, because that date is the first date the claim could be presented." *Commonwealth v. Beatty*, 207 A.3d 957, 963 (Pa. Super. 2019) (citing *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000); *see also* PCRA Petition, 11/18/19, at 8 (Hudgins arguing petition timely pursuant to *Lark*). At the time of Gateward's statement, Hudgins' 2017 *pro se* PCRA petition was pending on collateral appeal with this Court. *See Hudgins*, 217 A.3d 371 (filed May 6, 2019). As such, Hudgins would have one year from the date of remittal of the record from his collateral appeal, which was June 24, 2019. Hudgins, thus, had until June 24, 2020, to file a timely petition; his November 18, 2019 petition, therefore, was filed within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

In his PCRA petition, Hudgins asserts both the newly-discovered facts exception and governmental interference exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii). The newly-discovered facts exception applies where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). The Pennsylvania Supreme Court has held that "the exception set forth in subsection (b)(1)(ii) does not require any merits

analysis of the underlying claim. Rather, the exception only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016) (internal citations and quotation marks omitted).

To establish the governmental interference exception, "a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence." ***Commonwealth v. Vinson***, 249 A.3d 1197, 1205 (Pa. Super. 2021). The exception requires a petitioner to show that, because of the interference of a government actor, "he could not have filed his claim earlier." ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).

Further, due diligence, which is required by both exceptions, "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort to obtain the information upon which a claim is based." ***Cox***, 146 A.3d at 230 (quotation marks and citation omitted).

Hudgins states that on September 17, 2018, he obtained Gateward's signed affidavit stating that Gateward was actively using PCP in 1999 and, in particular, on the day of the shooting that led to Hudgins' convictions. ***See*** PCRA Petition, 11/18/19, at 6-8; ***see also*** Affidavit of Jamil Gateward, 9/17/18. In addition, Gateward stated that the Commonwealth promised it would give him a deal for his open assault case if he testified against Hudgins. ***See*** Affidavit, 9/17/18. Gateward averred that, because he was high on PCP,

he is not sure whether Hudgins was the shooter on September 6, 1999. **See id.** The affidavit is signed by Gateward and contains the seal of a notary public, dated September 17, 2018. **See id.**

On the issue of due diligence, Hudgins argues that he "did not have unfettered access to Gateward" as a Commonwealth witness because he was "hostile towards Hudgins." Appellant's Brief, at 13. Nevertheless, Hudgins claims that he exercised his due diligence by (1) requesting any information about a deal from the Criminal Justice Center in 2005 and 2006, (2) seeking information about Gateward's open assault case between 2001 and 2006, (3) filing a discovery request in 2007 regarding a deal and any testing done to determine if Gateward had PCP in his system, (4) requesting assistance from the Pennsylvania Innocence Project and the District Attorney's Conviction Integrity Unit, and (5) requesting information through the Right to Know Act, Pa. Code §§ 31.1-31.23. **See** Appellant's Brief, at 15; **see also** Response to Rule 907 Notice, 4/21/22, at 8. Hudgins acknowledges that he became aware of a possible deal in 2005 when Gateward's uncle allowed Hudgins to listen in on a prison call with Gateward, wherein Gateward stated that he received "some sort of deal in exchange for his testimony." Appellant's Brief, at 14.

The PCRA court determined that Hudgins failed to satisfy either exception to the PCRA time bar. First, regarding alleged governmental interference in violation of **Brady v. Maryland**, 373 U.S. 83 (1963), the PCRA court determined that Gateward's affidavit was insufficient to show that Hudgins could not have filed this claim earlier, particularly as Hudgins raised

this issue in his 2016 PCRA petition. *See* PCRA Court Opinion, 7/18/23, at 1-2. Second, regarding newly-discovered facts, the PCRA court determined that Hudgins failed to prove that the facts contained in Gateward's statement were unknown and that Hudgins exercised due diligence in discovering those facts, again referencing Hudgins' 2016 PCRA petition. *Id.* at 2.

Our review of the record supports the PCRA court's conclusion that Hudgins failed to plead and prove an exception to the PCRA time bar regarding a deal between Gateward and the Commonwealth. Hudgins failed to show that he could not have obtained this information earlier with the exercise of due diligence, and thus his claim does not meet either the newly-discovered facts or governmental interference exception. *See Cox*, *supra*; *Vinson*, *supra*. Hudgins was aware of the possibility of a deal in 2016 and as far back as 2005. *See* PCRA Petition, 5/11/16, at 3 (Hudgins "personally ask[ed Gateward] and was told . . . that he was offered a deal for his testimony."); *see also* Appellant's Brief, at 14 (Hudgins listened in on 2005 prison call between Gateward and Gateward's uncle "as Gateward stated that he received [] some sort of deal in exchange for his testimony"). Thus, the record indicates that Hudgins has had communications with or access to Gateward from as early as 2005, and Hudgins knew about the existence of a deal more

than ten years before Gateward's signed affidavit. Moreover, Hudgins filed a PCRA petition claiming the same "newly-discovered" fact in 2016.[5]

However, Gateward's statement that he is a regular user of PCP and had taken PCP the day of the shooting and therefore did not "know if [] Hudgins was the shooter or not because [he] was high[,]" has not been previously raised by Hudgins. Absent any evidence that Gateward had previously admitted that his trial testimony was not truthful or that Hudgins had reason to know that Gateward would make such a statement prior to September 17, 2018,[6] such a recantation would satisfy the exception for newly-discovered facts. **See Commonwealth v. Diggs**, 220 A.3d 1112, 1116-18 (Pa. Super. 2019) (newly-discovered facts exception applied to PCRA claim that witness recanted testimony where witness signed affidavit recanting testimony one month before defendant filed PCRA petition asserting claim based on same recantation); **Commonwealth v. Parks**, 299 A.3d 903 (Pa. Super. 2023) (Table) (recantation affidavit satisfied timeliness exception for newly-discovered facts when supported by record).

Our Supreme Court has long acknowledged that recantation evidence is notoriously unreliable. **See Commonwealth v. D'Amato**, 856 A.2d 806, 825 (Pa. 2004). Nevertheless, where there is a recantation claim in a PCRA

_____

[5] "The focus of the exception is on [the] newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (emphasis original; citation and quotation marks omitted).

[6] **See** n.4, **supra**, for detailed discussion regarding one-year filing deadline.

petition, "even as to recantations that might otherwise appear dubious, the PCRA court must, in the first instance, assess the credibility and significance of the recantation in light of the evidence as a whole." *Id.* "Where . . . the PCRA court simply rejects a recantation claim without any evidentiary hearing and without making such an assessment, the dismissal must be vacated and the case remanded for the PCRA court to make a determination of the credibility and significance of the recantation." ***Commonwealth v. DeFranco***, 283 A.3d 345, at *8 (Pa. Super. 2022) (Table) (citations omitted).

The PCRA court stated that Hudgins "failed to articulate when he first became aware of the information contained in [the] affidavit as required by [section] § 9545(b)(2)." PCRA Court Opinion, 7/18/23, at 2. However, Hudgins states in his PCRA petition that "[t]his evidence was not previously made known to [him], nor was it subsequently made available to [him] before September 17, 2018, which was the date [] Gateward signed his affidavit." PCRA Petition, 11/18/19 at 8. There is nothing in the record to suggest that Hudgins could have learned of Gateward's recantation before September of 2018.[7] Further, because there was no evidentiary hearing or analysis of Gateward's statement regarding his use of PCP and that he does not know who the shooter was, it does not appear that the PCRA court reached its conclusions concerning Gateward's statement based on an assessment of the

---

[7] Gateward states in his affidavit that family members "recently" asked him if he was using PCP the day of the shooting and that he "wanted to answer honestly[.]" Affidavit of Jamil Gateward, 9/17/18.

- 13 -

importance of the testimony or the credibility of the statement. **See D'Amato**, 856 A.2d at 826.

Accordingly, Hudgins has satisfied the PCRA's timeliness exception for newly-discovered facts, under section 9545(b)(1)(ii), with respect to Gateward's recantation and statement that his use of PCP on the date of the shooting prevented him from identifying the shooter. **See D'Amato**, **supra**; **Diggs**, **supra**; **DeFranco**, **supra**; **Parks, supra**. We conclude that the PCRA court abused its discretion by dismissing Hudgins' PCRA petition without the benefit of an evidentiary hearing. **See D'Amato**, **supra**. Thus, we vacate the order and remand for an evidentiary hearing to make an independent evaluation of Gateward's recantation.

Order vacated. Case remanded for further proceedings not inconsistent with this memorandum. Jurisdiction relinquished.

Murray, J., Joins the Memorandum.

Nichols, J., Concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/5/2024